## Doolsky *v.* Kingston Coal Company, Appellant.

Argued March 9, 1938.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER and RHODES, JJ.

*Leo W. White,* for appellant.

*Roger J. Dever,* for appellee.

Opinion by Cunningham, J., April 13, 1938:

During the course of his employment as a laborer with the defendant coal company, at an average weekly wage of $37.14, Martin Doolsky, the claimant, suffered an accidental injury to his right hand on November 2, 1933.

A compensation agreement was executed by the parties, providing for the payment of compensation at the rate of $15 per week for total disability under Section 306 (a) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of April 13, 1927, P. L. 186, 77 PS § 511. Regular payments were made thereunder until October 11, 1935.

On May 6, 1936, the defendant filed its petition for termination of the agreement upon the ground that claimant had completely recovered on the above mentioned 11th day of October, 1935. Claimant, in his answer, filed May 20, 1936, denied he had recovered and averred he was still totally disabled.

After a hearing upon the issues raised by the petition and answer, the compensation authorities found, as

matters of fact, that claimant's total disability had ceased on October 11, 1935, but that continuously since that date he had been partially disabled to the extent of a fifty per cent reduction in his earning power. In making an award of $12.07 per week for this partial disability, under section 306 (b), 77 PS § 512, the referee and board overruled the contention of counsel for the defendant that the award should begin as of October 11, 1935, and held that as the petition for termination was not filed until May 6, 1936, their award in the reduced amount should begin as of the latter date and continue within the limitations of the statute. The defendant's appeal to the common pleas from this holding was dismissed and we now have this appeal from the informal judgment entered by the court below upon the award as made by the referee and affirmed by the board.

The only question raised by appellant is whether it is liable for compensation for total disability during the period between October 11, 1935, the date upon which the compensation authorities specifically found that claimant's total disability had been "followed by partial disability," and May 6, 1936, the date upon which its petition for termination was filed. Or in other words, whether the reduction from $15 to $12.07 per week should not have been made as of October 11, 1935?

This case is ruled in principle by the recent case of *Pikutas v. Glen Alden Coal Co.*, 129 Pa. Superior Ct. 57, 194 A. 765. Here, as there, no judgment had been entered upon the payments accruing subsequent to October 11, 1935, and, for the reasons there fully stated, the award in this case should have been made at the rate of $12.07 per week, beginning October 11, 1935.

The court below disposed of this case on March 3, 1937, by entering an order sustaining the findings of

fact, conclusions of law and award as made by the referee and board and dismissing the defendant's appeal. In the cases of *Gardner v. Pressed Steel Car Co. et al.*, 122 Pa. Superior Ct. 592, 186 A. 410, and *Graham v. Hillman Coal & Coke Co.*, 122 Pa. Superior Ct. 579, 186 A. 400, we prescribed the method of entering the judgment under such circumstances.

Appellant's exceptions to the action of the board in awarding compensation to the claimant for total disability between October 11, 1935, and May 6, 1936, should have been sustained by the court below and a judgment entered, in the manner indicated by the cases just cited, for compensation at the rate of $12.07 per week, beginning October 11, 1935, and continuing within the limitations of the statute, together with interest on unpaid installments from the date each should have been paid.

The order of March 3, 1937, is vacated and the record remitted to the court below to the end that judgment may be entered for the amounts and in the manner indicated in this opinion.